UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN RODRIGUEZ-RUIZ** <br> **REG. #44015-177** | **:** | **CIVIL ACTION NO. 2:16-cv-496** <br> **SECTION P** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **BECKY CLAY** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Jonathan Rodriguez-Ruiz ("petitioner"). The petitioner is in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Following a hearing before the Disciplinary Hearing Officer ("DHO"), the petitioner was convicted of engaging in or encouraging a group demonstration while incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. Doc. 1, att. 2, p. 2. The petitioner contends that he was merely translating on behalf of a group of 15 to 18 Spanish-speaking inmates during an altercation with a prison official. *Id*. at 3. As a result he lost 27 days of good-time credit. Doc. 1, att. 3, p. 8. The petitioner is seeking the writ on the grounds that his due process rights were violated

when he was denied the opportunity to present witnesses for his defense at the DHO hearing. Doc. 1, att. 2, p. 2.

## II.
### LAW & ANALYSIS

An inmate facing disciplinary proceedings which threaten a loss of good time credit should is entitled to some procedural protections, including the right to call witnesses in his defense. *Wolff v. McDonnell*, 94 S.Ct. 2963, 2979 (1974). However, this right is not absolute and there must be a balance between the inmate's interest in avoiding loss of good-time credit and the needs of the prison. *Id.* at 2980. Prison officials have the necessary discretion to decide whether to refuse to call witnesses that may create an interruption or undermine authority in the prison. *Id.* Furthermore, it is not enough to merely allege a due process violation under *Wolff*—the petitioner must also show that he was prejudiced by the alleged violation. *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).

According to the DHO report, the petitioner never requested a witness in his initial DHO hearing. Doc. 1, att. 3, p. 6. The petitioner asserts otherwise in his memorandum but provides no support for this contradiction of the record. Doc. 1, att. 2, p. 3. He does not identify who these prospective witnesses were beyond "a few inmates" or why their testimony would have been persuasive. *See id*. at 11. Thus he fails to show that the DHO had an inadequate basis for the alleged denial, much less that he was thereby prejudiced.

## III.
### CONCLUSION

The petitioner has failed to show that he is entitled to *habeas* relief under these claims. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 2(b), parties aggrieved by this report and recommendation have fourteen (14) days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of June, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE